UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.

DARRIN C. DARGA,

    *Defendant*.
_____/

CASE NO. 11-CV-11432

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE CHARLES E. BINDER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
(Doc. 7)

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **GRANTED**.

**II.    REPORT**

    **A.    Introduction**

The Government brought this action to collect the amount due on a promissory note allegedly executed in 2000 by Defendant to secure a Direct Consolidation Loan from the U.S. Department of Education. The case was referred to the undersigned magistrate judge for pretrial case management on May 23, 2011. (Doc. 4.)

Before the Court is the Government's Motion for Summary Judgment. (Doc. 7.) Defendant was instructed to file a response to the motion no later than August 22, 2011. (Doc. 8.) To date, Defendant has not filed a response.

Accordingly, the motion is ready for report and recommendation and the Court concludes that a hearing on the motion is unnecessary. *See* E.D. Mich. LR 7.1(f)(2).

**B.     Procedural History**

On April 5, 2011, the Government filed this action to recover approximately $27,000 from Defendant. Attached to the complaint is a certificate of indebtedness signed by a loan analyst for the U.S. Department of Education certifying that, as of September 30, 2010, Defendant owed $23,779.91 in principal and $2,380.12 in interest, and that interest was accruing at the rate of $5.21 per day. (Doc. 1 at Ex. 1.) The Government also seeks administrative costs and attorneys' fees to the extent allowed by law. (Compl. at 2.)

Defendant filed an answer to the complaint on May 16, 2011, denying the allegations of the complaint because "there is not evidence of any agreement . . . ," "there is not evidence of any validity of amount and methods used for determination . . . ," no account numbers were given, and no original loan documentation was provided. (Ans., Doc. 3 at 1-2.) Defendant stated that Defendant is "unwilling to remit payments without proper notice or documentation." (*Id*. at 2.)

On May 27, 2011, the Court ordered the parties to meet pursuant to Rule 26, to file a joint discovery plan, and to appear for an in-person scheduling conference on June 30, 2011. (Doc. 5.) The Government filed a discovery plan on June 10, 2011, stating that it had been unable to reach Defendant. (Doc. 6 at 1.) On June 30, 2011, Defendant failed to appear for the conference.

The Government thereafter filed its motion for summary judgment, to which Defendant failed to respond.

### C.     Summary Judgment Standards

A motion for summary judgment will be granted under Rule 56(c) where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). All facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (citing *Celotex Corp. v Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

In response, the non-moving party cannot rest merely on the pleadings alone. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos*., 8 F.3d 335, 339-40 (6th Cir. 1993). When the nonmoving party fails to adequately respond to a summary judgment motion, a district court is not required to search the record to determine whether genuine issues of material fact exist. *Street*, 886 F.2d at 1479-80. Instead, the court will rely upon the "facts presented and designated by the moving party." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 404 (6th Cir. 1992).

After examining the evidence designated by the parties, the court then determines "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Booker v. Brown & Williamson Tobacco Co.,* 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary

3

judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

When "the crucial issue is one on which the movant will bear the ultimate burden of proof at trial, summary judgment can be entered only if the movant submits evidentiary materials to establish all of the elements of the claim or defense." *Stat-Tech Liquidating Trust v. Fenster*, 981 F. Supp. 1325, 1335 (D. Colo. 1997). *See also Yarbrough v. Garrett*, 579 F. Supp. 2d 856, 867 (E.D. Mich. 2008). "'In other words, in such case the movant 'must satisfy both the initial burden of production on the summary judgment motion – by showing that no genuine dispute exists as to any material fact – and the ultimate burden of persuasion on the claim – by showing that it would be entitled to a directed verdict at trial.'" *Yarbrough*, 579 F. Supp. 2d at 867 (citations omitted). Only after the moving party makes this showing will the non-moving party have an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore, supra.*

### D. Analysis and Conclusion

To recover on a promissory note, the Government must make a *prima facie* showing that (1) the defendant signed it, (2) the government is the present owner or holder and (3) the note is in default. *United States v. Petroff-Kline*, 557 F.3d 285, 290 (6th Cir. 2009) (citing *United States v. MacDonald*, No. 93-1924, 1994 WL 194248, at *2 (6th Cir. May 16, 1994) (per curiam); *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001)). To make this showing, the Government may introduce evidence of the note and a sworn transcript of the account or certificate of indebtedness. *Id.* (citing *United States v. Davis*, 28 Fed. Appx. 502, 503 (6th Cir. 2002)). Once the

4

*prima facie* case is established, the burden shifts to the defendant to prove the "nonexistence, extinguishment or variance in payment of the obligation." *Id.*

To meet its burden of establishing all of the elements of the claim, the Government has attached to its motion a copy of the 4-page Federal Direct Consolidation Loan Application and Promissory Note completed and signed by Defendant. (Doc. 7 at Ex. 1.) The loan was made under the William D. Ford Federal Direct Loan Program under Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1087a *et seq.* (34 C.F.R. Part 685). The Government also attached to its motion another copy of the Certificate of Indebtedness that was attached to the complaint, which is signed by a loan analyst for the U.S. Department of Education. (*Id*. at Ex. 2.) The Government moves for summary judgment, alleging that Defendant defaulted on the loan obligation on or about September 3, 2009 (Doc. 7, Br. in Supp. at 2), and that the balance due as of July 21, 2011, was $27,692.37. (*Id.*)

I suggest that the Government's motion be granted. Through the documentation attached to the motion, the Government met its burden of establishing that Defendant signed a promissory note of which the Government is the present owner and that the note is in default. *See Petroff-Kline*, 557 at 290. Defendant, however, has completely failed to meet its burden to respond and show that there is a disputed issue of fact with regard to the "nonexistence, extinguishment or variance in payment of the obligation." *Id.*

Accordingly, I suggest that the Government is entitled to summary judgment because the evidence does not present a "sufficient disagreement to require submission to a jury," but rather it "is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

**III.   REVIEW**

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                                s/ *Charles E Binder*
                                                CHARLES E. BINDER
Dated: September 19, 2011                United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Deborah Winslow, and served by first class mail on Darrin C. Dargo, P.O. Box 454, Rogers City, MI, 49779..

Date: September 19, 2011                By    s/*Jean L. Broucek*
                                                Case Manager to Magistrate Judge Binder